IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| FERMIN REY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 315-027 |
| ) | |
| STACEY N. STONE, Warden, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Petitioner seeks an Order from the Court directing the Bureau of Prisons to reduce the payments for restitution imposed as part of his judgment of conviction under the Inmate Financial Responsibility Program ("IFRP") from $50.00 per month to $25.00 per quarter. (Doc. no. 1, p. 3.) In his response to the Court's order to show cause, Respondent asserts the amount collected was reduced to $25.00 per quarter after a review of Petitioner's IFRP. (See doc. no. 7, p. 3; doc. no. 7-2, p. 32.) Petitioner has not responded to Respondent's filing or otherwise alerted the Court that he has not already been provided the relief sought in his petition. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT** and **CLOSED**.

**I. DISCUSSION**

Petitioner pleaded guilty to charges of conspiracy to commit health care fraud under

18 U.S.C. § 1349 and failure to appear under 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(ii) upon which a judgment of conviction was entered on July 8, 2010. (Doc. no. 7-2, pp. 7, 14.) United States District Judge James Lawrence King sentenced Petitioner to a term of 108 months of imprisonment, three years of supervised release, a $100.00 special assessment, and $2,782,660.00 of restitution. (Id. at 8, 11, 22 .) In relevant part, the judgment provides the following instructions concerning the payment of criminal monetary penalties: "if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order." (Id. at 7.)

Petitioner alleges that on December 15, 2014, the prison increased his payments towards the restitution from $25.00 per quarter to $50.00 per month in violation of his judgment of conviction. (Doc. no. 1, p. 3.) Petitioner then filed the instant § 2241 petition challenging the amount collected via IFRP as violating the instructions in the judgment entered by Judge King.[1] (See generally id.) Upon investigation after entry of the Court's order to show cause, the Bureau of Prisons reduced Petitioner's payments to $25.00 per quarter under his IFRP as of March 25, 2015. (Doc. no.7-2, p. 32; Shaw Decl., ¶ 7.)

As a result, the instant matter is moot. The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies." Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Barrera v. United

---

[1]Challenges to the manner in which the Bureau of Prisons administers the IFRP are properly brought pursuant to § 2241. See United States v. Kinsey, 393 F. App'x 663, 663-64 (11th Cir. 2010).

2

States Attorney Gen., 557 F. App'x 877, 881 (11th Cir. 2014); Soliman, 296 F.3d at 1242. If events occurring after the filing of a petition deprive the court of the ability to provide meaningful relief, then the case is moot and must be dismissed. Soliman, 296 F.3d at 1242; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'")(citation omitted). Because mootness is jurisdictional, dismissal is required if no case or controversy remains. Id.

Here, the record confirms that as of March 25, 2015, the relief Petitioner sought when he filed this petition has been granted. (Shaw Decl., ¶¶ 7, 8.) Consequently, no case or controversy remains for which the Court can grant meaningful relief, and this proceeding must be dismissed.

## II. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT** and **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of June, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA